# Appeal of Mary E. Green and Sophia Thornton.

## Samuel McCreary's Estate.

Where a deed after conveying certain land contained the following clause: "Except a small part which lies upon the west or tract line . . . which is under lease . . . which land and privilege is reserved until the expiration of said lease," it was, under the circumstances, immaterial whether the clause be construed a reservation or an exception—if the former, there being no words of inheritance, the land was reserved during the lifetime of the grantor only; if the latter, it was only until the expiration of the term of the lease.

(Argued April 25, 1888. Decided May 7, 1888.)

January Term, 1888, No. 168, E. D., before PAXSON, STERRETT, GREEN, CLARK, and WILLIAMS, JJ. Appeal from a decree of the Orphans' Court of Erie County dismissing exceptions to an auditor's report, September term, 1885, No. 24. Affirmed.

The case was referred to Joseph M. Force, Esq., as auditor, to pass upon the exceptions filed to the account of A. J. Mc-

Creary, executor of Samuel McCreary, deceased, who reported substantially as follows:

On the 8th day of May, 1848, Samuel McCreary executed to Benjamin Coates, Samuel Liley, John Thornton, Thomas Thornton, and David McCreary a lease for a small lot of land, with the water privilege thereon, for the term of fifteen years from April 1, 1848, at the yearly rental of $100, with the additional stipulation that "party of the first part has the privilege at the end of this lease to take the buildings, machinery, and other improvements erected thereon by paying a fair, valuable consideration for the same, made by competent and impartial persons chosen by the parties of both parts.

"The party of the first part agrees to continue this lease for the term of five years after the first mentioned term of fifteen years for the said sum of $100 a year; provided that the said first party does not take the buildings, machinery, and other improvements at their valuation. It is also agreed by the first party to continue the lease in terms of five years each, with the privilege of taking the improvements at its fair valuation at the end of each term, and if not taken, to have a valuation of the water privileges yearly, separate from all improvements at the end of each term," etc.

This lease was duly recorded in the recorder's office of Erie county, September 27, 1848, and at the expiration of the first term of fifteen years, the lessor not taking the improvements, etc., the lease was continued for a term of five years in accordance with the terms of the lease as above set forth.

On February 11, 1852, said Samuel McCreary executed an agreement to lease to Samuel Liley and Mark H. Beaumont an additional piece of ground "for the purpose of making a more permanent factory race—and said lease to continue for the same length of time as the factory lease," the yearly rental to be $6.

By deed, dated January 1, 1858, said Samuel McCreary conveyed to A. J. McCreary, the accountant in this case, a certain tract of land "containing 53 acres with an allowance of 6 per cent for roads, except a small part which lies upon the west or tract line and which amounts to about 2 acres, which is under lease to McCreary, Thornton & Company, for a woolen factory, which lease bears date of May 8, 1848, which land and privilege is reserved until the expiration of said lease."

On February 8, 1867, said Samuel McCreary made and ex-

ecuted his last will and testament which was duly probated in the registrer's office of Erie county.

Among others the following bequests were made:

"I also give and bequeath to my son Samuel McCreary, deceased, his children, to be paid to each of them in order as each shall arrive at the age of twenty-one years, or sooner if necessary, left to the discretion of my executors, to be paid out of the avails arising and coming to me from the rental of the woolen factory in Fairview township according to the contract made with the original Factory Company—first, to Larry McCreary, $100; second, Allis L. McCreary, $100; third, Ralph Mc-Creary, $200; fourth, Nellie Blanche McCreary, $100. I give and bequeath to my daughter, Sophia Thornton, $100, to come out of the avails of the rental of the aforesaid factory after the payment made to the children of my son Samuel as aforesaid and bequeath the residue and remainder arising from the lease of the aforesaid woolen factory to A. J. McCreary and Mary Green to the amount of $500 each—if the same should be retained by my executors till it would amount to that sum and if held till it overruns that sum. I give and bequeath to the Freedman's Mission $10 a year as long as the lease runs," etc.

Samuel McCreary died in October, 1867, and A. J. McCreary as surviving executor of his estate filed his account to No. 24, September term, 1885, of the orphans' court of Erie county— to which account exceptants have filed their exceptions as they appear in this case.

Counsel for the accountant asks the auditor to dismiss the exceptions filed, for the reason that exceptants have no interest in the estate of decedent, being specific legatees under the will of decedent and having received their legacies in full, and for the further reason that the reservation in the deed from Samuel Mc-Creary to A. J. McCreary contains no words of inheritance or limitation to his heirs and assigns, and is therefore at law a reservation of a life interest to the grantor only. If this last position of accountant be correct, then it does not become necessary to pass upon the exceptions filed by the legatees; hence we will dispose of this question first. If, in the deed from Samuel McCreary to A. J. McCreary, dated January 1, 1858, the words "except a small part which lies upon the west or tract line and which amounts to about 2 acres which is under lease to Mc-Creary, Thornton & Company for a woolen factory, which lease

bears date of May 8, 1848, which land and privilege is hereby reserved until the expiration of said lease;" if these words created an exception in the deed, then the land leased, and from the rental of which the legacies were to be paid, still remained the property of Samuel McCreary; and the rental therefrom, from the death of the grantor till the expiration of the lease, should be divided in accordance with his will. If this was an exception, then according to its terms it was to run till the expiration of said lease. When did the lease expire? It was to run for a definite term of fifteen years from April 1, 1848, with the privilege of renewal for a term of five years, provided the lessor did not at the end of the term take the improvements at a fair valuation. It seems that at the end of the term of fifteen years, April 1, 1863, lessor did not take the improvements but renewed the lease for a further period of five years, which expired April 1, 1868. Lessor died in October, 1867.

Nothing contained in the lease required lessor's heirs to continue the lease after the expiration of the original term of fifteen years. At the end of twenty years if the parties continued in possession there was to be a revaluation of the water privilege and a new yearly rental fixed. I, therefore, take it that this lease was for a term of fifteen years with the privilege, at the expiration of that time, of a renewal for five years longer at the same yearly rental, provided the lessor did not take the buildings, etc., at a fair price to be fixed. Then at the expiration of the second term, or twenty years from the date of the lease, if the lessor did not take the improvements there was to be a new letting at a price or yearly rental to be fixed by "disinterested men chosen by the parties."

Under this view of the case I am of the opinion that the lease terminated at the end of the first five year term, April 1, 1868; and if the clause in the deed to A. J. McCreary was an exception, then by its very terms it terminated on April 1, 1868, and at that time grantee would take an absolute estate in the land excepted and would not be accountable to anyone for the profits arising therefrom.

If, on the other hand, this clause in the deed from testator was a reservation, then under the ruling in the case of Kister v. Reeser, 98 Pa. 1, 42 Am. Rep. 608, and numerous other cases, there being an omission of the words heirs and assigns, the reservation ceased on the death of the grantor and the grantee

took an absolute estate at that time; hence, the heirs and legatees had no claim on the rents arising from said lease, and A. J. McCreary was not obliged to account to them therefor.

The grantor may not have known the legal effect of the reserving clause in his deed, but as the deed must be most strongly construed against the grantor I am of the opinion that the land and privilege reserved became the property of A. J. McCreary as before stated; and it makes no difference whether this be a reservation or an exception, for if a reservation then it ceased at the death of the grantor, and if an exception then it is limited by its own terms to the expiration of the lease, which was April 1, 1868—prior to which time accountant collected no rents; hence, his payments to the legatees were a mere gratuity and therefore exceptants have no standing in this case.

The exceptions are therefore dismissed at the cost of the exceptants.

To this report exceptions were filed by appellants; but the court, GUNNISON, P. J., dismissed the exceptions, confirmed the report, and entered a decree in accordance therewith, and this was the subject of the assignments of error.

*S. M. Brainerd* and *D. Sawdey,* for appellants, cited Miller v. Springer, 70 Pa. 273, 88 Pa. 208; Mercer Min. & Mfg. Co. v. McKee, 77 Pa. 172; Whitaker v. Brown, 46 Pa. 197; Seibert v. Levan, 8 Pa. 383, 49 Am. Dec. 524.

*D. B. McCreary,* for appellee.—Even if the limit of the reservation in the deed as to the time it continued were doubtful, that construction should be given which is most favorable to the grantee.  Grubb v. Grubb, 101 Pa. 11.

The rule that a deed or grant must be construed most strongly against the grantor, applies with especial force to a reservation or restriction in a deed, whereby there is a withholding of something from the grant.  Klaer v. Ridgway, 86 Pa. 529.

A reservation or an exception of a personal right in a deed, without words of inheritance, is but a life estate.  Phillips's Appeal, 93 Pa. 50; Curtis v. Gardner, 3 Met. 461; Jamaica Pond Aqueduct Corp. v. Chandler, 9 Allen, 170; Whitaker v. Brown, 46 Pa. 197; Kister v. Reeser, 98 Pa. 1, 42 Am. Rep. 608.

PER CURIAM:

We are entirely satisfied with the construction which the learned auditor and court below have placed upon the deed from Samuel McCreary to A. J. McCreary. The position that the accountant is estopped because he has brought the rents under the lease into his account is not tenable. He has given the reasons why he did so. He expressly declares that it was not brought in because he was liable therefor, but for the reason that he desired to carry out his father's wishes as expressed in his will, and there was no other fund out of which he could do it. In other words, it was a gratuity to the appellants.

We do not see our way clear to apply the doctrine of estoppel to such a case as this. The appellants have received a considerable sum of money to which they had no legal claim, and for which they should be thankful.

Decree affirmed and the appeal dismissed, at the costs of the appellants.